United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 20, 2007**

Charles R. Fulbruge III
Clerk

REVISED June 23, 2011

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-11253
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WANNAMAKER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-184-1
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

John Wannamaker appeals the sentence imposed following his guilty-plea conviction for conspiracy to commit wire fraud and securities fraud, five counts of wire fraud, one count of securities fraud, five counts of money laundering, and four counts of engaging in illegal monetary transactions. He argues that the sentence imposed by the district court was unreasonable. The district court stated that it had considered the factors set forth in 18 U.S.C. § 3553(a) and gave, inter alia, the following

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasons for the sentence:  (1) the sentence was within the applicable guidelines sentencing range for the offenses (§ 3553(a)(4)) and (2) Wannamaker pleaded guilty to all 16 counts of the indictment without a plea agreement and (3) he accepted responsibility for the offenses.  The district court also heard and considered the testimony of Wannamaker's wife and one of the victims of Wannamaker's offenses.  Wannamaker has not shown that the district court misapplied the Guidelines, failed to consider the § 3553(a) factors, failed to give reasons for the sentence, or considered improper factors in imposing the sentence. Therefore, Wannamaker has not shown that the sentence imposed by the district court was unreasonable.  See United States v. Mares, 402 F.3d 511, 518-20 (5th Cir. 2005).

Wannamaker also argues that the language in United States v. Alonzo, 435 F.3d 551 (5th Cir. 2005), is improper.  We have not, however, relied on Alonzo and its rebuttable presumption of reasonableness in deciding this appeal.

AFFIRMED.